# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MICHAEL K. MAESTAS,**

    **Plaintiff,**

**v.**                                                                                                         No. 17-cv-1248 SMV

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 22], filed on November 5, 2018, and his Memorandum Brief in Support [Doc. 21], filed on November 2, 2018 (collectively, "Motion"). The Commissioner responded on December 19, 2018. [Doc. 24]. Plaintiff replied on January 28, 2019. [Doc. 25]. The parties have consented to my entering final judgment in this case. [Doc. 14]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet his burden as the movant to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision, affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. Here, the ALJ's decision was adopted in part and modified in part. *See* Tr. 1–10. The Court, therefore, reviews the Appeals Council's decision (which incorporates by adoption many of the ALJ's findings and conclusions). *See id.*

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

On January 7, 2013, Plaintiff applied for disability, disability insurance benefits, and supplemental security income. Tr. 15. Plaintiff alleged a disability-onset date of January 1, 2012. *Id.* His claims were denied initially and on reconsideration. *Id.* ALJ Frederick E. Upshall, Jr., held a hearing on June 2, 2015, in Albuquerque, New Mexico. Tr. 15, 38. Plaintiff appeared in person at the hearing with his attorney. Tr. 15, 40. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Patricia McLaughlin. Tr. 38–89.

The ALJ issued his unfavorable decision on April 25, 2016. *See* Tr. 4. As an initial matter, the ALJ found that Plaintiff met the insured status requirements through December 31, 2016. Tr. 17. At step one, he found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "chronic pain disorder; arthropathies; fibromyalgia; depression; post-traumatic stress disorder (PTSD)[;] and mild neurocognitive disorder." *Id.* The ALJ also found that Plaintiff's seizure disorder was not severe. Tr. 17–18.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18–19. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 19–25. The ALJ found that Plaintiff:

> has the [RFC] to perform a range [of] medium work as defined in 20 [C.F.R. §§] 404.1567(c) and 416.967(c). He is able to lift up to 50 pounds occasionally, and lift or carry up to 25 pounds frequently. Pushing and pulling is limited only by

the exertion limitation. He can never climb ladders, ropes or scaffolds, but can occasionally climb ramps or stairs and can occasional stoop, crouch, crawl and kneel. Bilateral reaching in all directions, handling and fingering are limited to occasionally. He must avoid all use of moving machinery and all exposure to unprotected heights. He is limited to simple, routine, repetitive unskilled tasks (reasoning level 2); performed in a work environment free of fast-paced production requirements; involving only simple work-related decisions, with few if any changes in the work setting. There can be only occasional interaction with the public, incidental to the work being performed.

Tr. 19.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a customer service representative or social service aide. Tr. 25. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 25–26. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.*

The Appeals Council granted Plaintiff's request for review on September 5, 2017, Tr. 221–26, and it issued its own unfavorable decision on October 25, 2017, Tr. 1–10. The Appeals Council agreed that Plaintiff was not disabled but modified certain of the ALJ's findings. *Id.* (None of the modified findings is at issue in this appeal. Accordingly, herein, the Court refers to the *ALJ's* findings. Such reference is only a matter of convenience. Technically, the findings are the *Appeals Council's adoption* of the ALJ's findings.) Plaintiff timely filed the instant action on December 20, 2017. [Doc. 1].

## **Analysis**

Plaintiff makes several arguments in favor of remand, but none is persuasive. He fails to show reversible error in the evaluation of Dr. Owen's opinion. Plaintiff also fails to show reversible error in the ALJ's evaluation of his social functioning or in the consideration of his

part-time work. Finally, the arguments raised for the first time in reply are waived. Ultimately, Plaintiff fails to show that the ALJ applied any incorrect legal standard or that his findings are not supported by substantial evidence. Remand is not warranted.

I. Plaintiff fails to show reversible error in the evaluation of Dr. Owen's opinion.

Plaintiff complains that the ALJ relied on parts on Dr. Owen's opinion but "gave virtually no weight to other parts" of his opinion. [Doc. 21] at 9. Plaintiff argues that the ALJ ignored certain of Dr. Owen's findings including a discrepancy between Plaintiff's verbal and performance IQ scores, which might be indicative of a previous head injury, and moderate-to-marked impairments in the ability to adapt to changes in the workplace, Tr. 1099, and to respond appropriately to unusual work situations and to changes in a routine work setting, Tr. 1104–05. [Doc. 21] at 11 These limitations matter because the ALJ's RFC assessment limited Plaintiff to unskilled work, and functioning in these areas is "basic" to unskilled work. *Id.* (citing Social Security Ruling 85-15). As Plaintiff sees it, apparently, Dr. Owen's findings were not consistent with the RFC's limitation to unskilled work because unskilled work requires the ability to deal with changes in a routine work setting but Plaintiff is moderately to markedly limited in this area. *See id.*

Defendant argues that the ALJ made no error in weighing Dr. Owen's opinion, but even if he had, it would have been harmless because, in fact, the RFC assessment is consistent with Dr. Owen's opinion. [Doc. 24] at 10–11 (citing *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014) ("And an ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of [RFC].")). Specifically, Defendant points out that the ALJ's RFC assessment not only limited Plaintiff to unskilled work

but also limited him to work with "'few if any' changes in the work setting." [Doc. 24] at 11 (quoting Tr. 19).

In reply, Plaintiff does not dispute that the RFC assessment incorporates all of Dr. Owen's findings. *See* [Doc. 25]. The Court agrees with Defendant. Plaintiff fails to show that the ALJ erred in evaluating Dr. Owen's opinion.

II.  Plaintiff fails to show reversible error in the evaluation of his social interactions.

Plaintiff argues that "the ALJ stated that Mr. Maestas had no difficulty with social interactions because Mr. Maestas could be social with his mother 1–2 times a week and walk his dog was [sic] evidence of his ability to work." [Doc. 21] at 12 (citing Tr. 18). Plaintiff then cites a Ninth Circuit case for the proposition that some activities of daily living "'should not penalize a disability claimant for attempting to lead normal lives in the face of their limitations' unless the level of activity was inconsistent with the claimant's alleged limitations." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988)).

The Court is not persuaded that the ALJ erred. The ALJ's finding was actually more robust than Plaintiff portrays it. In relevant part, the ALJ found (at step three):

> In social functioning, [Plaintiff] has no difficulties. [Plaintiff] reported to John P. Owen, PhD that he lives with friends and he works as a substance abuse counselor for four hours a day. Dr. Owen opined the claimant had no difficulty with social interactions. He indicated he is social with his mother 1–2 times a week. When he goes out he is accompanied by his dog, daughter, mother or ex-spouse.

Tr. 18 (citations omitted). Plaintiff does not dispute that he lives with friends, works for four hours per day as a substance abuse counselor, socializes with his mother once or twice per week, or is accompanied by others when he goes out. *See* [Docs. 21, 25]. He points to no other evidence

7

tending to show that he has any limitation in social functioning, much less overwhelming evidence, which would be required for reversal. *See Langley*, 373 F.3d at 1118 (holding that the ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."). Plaintiff fails to show any error in the ALJ's consideration of these facts when assessing his ability to function socially.

### III. Plaintiff fails to show reversible error in the evaluation of his part-time work.

Plaintiff challenges the ALJ's reliance on his working for four hours per day. [Doc. 21] at 12. Plaintiff argues that "[s]uch a finding is unsupported by the record and contrary to the comprehensive evidence of disability." *Id.* Plaintiff argues that at his job he requires hands-on assistance and supervision "at all times." *Id.* He reports that "each and every step" of his work must be checked by the supervisor. *Id.* (citing Tr. 12). However, he does not dispute that he does, in fact, work four hours per day. *See id.* Plaintiff cites to no source of authority in support of his argument, nor does he develop it any further in his brief in chief. *See* [Doc. 21]. The Court could only attempt to guess where Plaintiff might be headed with these arguments, such as they are. As presented in the brief in chief, the arguments and citations to the record fail to persuade the Court that the ALJ erred in considering Plaintiff's part-time work.

### IV. Plaintiff's arguments raised for the first time in reply are waived.

Plaintiff raises several arguments for the first time in his reply. He argues that the ALJ erred in the following ways. First, he argues that the ALJ improperly relied on the fact that Plaintiff earned a bachelor's degree online in 2010 or 2011. [Doc. 25] at 2 (citing Tr. 20). Second, he argues that the ALJ relied on the fact that none of Plaintiff's treating providers had opined that he was disabled. *Id.* (citing Tr. 22). Third, Plaintiff argues that the ALJ improperly rejected evidence

8

from Plaintiff's ex-wife. *Id.* at 3 (citing Tr. 23). Next, he argues that the ALJ improperly rejected the statements of Ruth Walker, the social worker and office manager who supervised Plaintiff at his part-time job. *Id.* (citing Tr. 24). Finally, he argues that the ALJ ignored the fact that Plaintiff qualified as "significantly disabled" by the New Mexico Division of Vocational Rehabilitation. *Id.* at 4, 5 (citing Tr. 1060–62). Because these arguments were raised for the first time in the Reply, they are waived. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1501 (10th Cir. 1992) (district court acts as a first-tier appellate court); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"); *Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived") (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994)).

## **Conclusion**

Plaintiff's arguments are unpersuasive or waived. Plaintiff fails to show reversible error in the evaluation of Dr. Owen's opinion, the evaluation of his social functioning, or in the consideration of his part-time work. Finally, the arguments raised for the first time in reply are waived. Plaintiff fails to show that the ALJ applied any incorrect legal standard or that the ALJ's findings are not supported by substantial evidence. Remand is not warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 22] is **DENIED**. The Commissioner's final decision is affirmed. **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**